No. 24-10386

___

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

___

State of Texas,

*Plaintiff-Appellee,*

v.

Merrick Garland, U.S. Attorney General, in his official capacity as United States Attorney General; Charlotte A. Burrows, in her official capacity as Chair of the U.S Equal Employment Opportunity Commission; Jocelyn Samuels, in her official capacity as Vice Chair of the U.S Equal Employment Opportunity Commission; Keith Solderling, in his official capacity as Commissioner of the U.S Equal Employment Opportunity Commission; Andrea R. Lucas, in her official capacity as Commissioner of the U.S Equal Employment Opportunity Commission; Christopher W. Lage, in his official capacity as General Counsel of the Equal Employment Opportunity Commission; Equal Employment Opportunity Commission; United States Department of Justice,

*Defendants-Appellants.*

___

On Appeal from No. 5:23-cv-00034-H in the United States District Court for the Northern District of Texas, Hon. James Wesley Hendrix

___

**BRIEF FOR *AMICUS CURIAE* IRAQ AND AFGHANISTAN VETERANS OF AMERICA IN SUPPORT OF DEFENDANTS-APPELLANTS**

___

Alexander M. Wolf
Drew M. Padley
W. Henry Legg
STEPTOE LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)
awolf@steptoe.com
dpadley@steptoe.com
wlegg@steptoe.com

Brendan Hammond
STEPTOE LLP
227 West Monroe Street
Suite 4700
Chicago, Illinois 60606
(312) 577-1300
(312) 577-1370 (fax)
bhammond@steptoe.com

*Counsel for* Amicus Curiae *Iraq and Afghanistan Veterans of America*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii |
| SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS | 1 |
| INTEREST OF AMICUS CURIAE | 2 |
| SUMMARY OF ARGUMENT | 3 |
| ARGUMENT | 4 |
|     I. The district court's decision jeopardizes the GI Bill National Emergency Extended Deadline Act. | 5 |
|     II. The district court's decision threatens the VA Beneficiary Debt Collection Improvement Act. | 7 |
|     III. The district court's decision endangers the Support the Resiliency of Our Nations Great Veterans Act. | 10 |
|     IV. The district court decision imperils the Joseph Maxwell Cleland and Robert Joseph Dole Memorial Veterans Benefits and Health Care Improvement Act. | 12 |
| CONCLUSION | 13 |
| CERTIFICATE OF COMPLIANCE | 14 |
| CERTIFICATE OF SERVICE | 15 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Rudisill v. McDonough*,
   601 U.S. 294 (2024) ...................................................................................... 5, 6

*Texas v. Garland*,
   ___ F. Supp. 3d ___, No. 5:23-CV-034-H, 2024 WL 967838 (N.D. Tex. Feb. 27, 2024) ............................................................................................ 3, 4

**Statutes**

38 U.S.C. § 1720F(h) .............................................................................................. 11

38 U.S.C. § 5302B(a)(1)(B) ..................................................................................... 9

Consolidated Appropriations Act of 2023,
   Pub. L. No. 117-328, 136 Stat. 4459 (2022) ................... 2, 3, 4, 5, 6, 7, 9, 12, 13

GI Bill National Emergency Extended Deadline Act of 2022,
   Pub. L. 117-328, 136 Stat. 5456 (2022) ..................................................... 4, 5, 6, 7

Harry W. Colmery Veterans Educational Assistance Act,
   Pub. L. No. 115-48, 131 Stat. 973 (2017) ............................................................. 6

Joseph Maxwell Cleland and Robert Joseph Dole Memorial Veterans Benefits and Health Care Improvement Act of 2022,
   Pub. L. 117-328, 136 Stat. 5404 (2022) ....................................................... 12, 13

Pregnant Workers Fairness Act,
   Pub L. 117-328, 136 Stat. 6084 (2022) ................................................................. 4

Support the Resiliency of Our Nations Great Veterans Act of 2022
   Pub. L. 117-328, 136 Stat. 5497 (2022) ........................................... 4, 10, 11, 12

VA Beneficiary Debt Collection Improvement Act,
   Pub. L. 117-328, 136 Stat. 5462 (2022) ...................................................... 4, 7, 9

VA Mission Act,
   Pub. L. No. 115-182, 132 Stat. 1393 (2018) ...................................................... 11

**Rules**

Fed. R. App. P. 29(a)(2) ............................................................................. 2

Fed. R. App. P. 29(a)(5) ........................................................................... 14

**Legislative Materials**

166 Cong. Rec. H4719 (daily ed. Sept. 23, 2020),
  https://congress.gov/116/crec/2020/09/23/CREC-2020-09-23-pt1-
  PgH4754.pdf ........................................................................................ 8

**Other Authorities**

2023 National Veteran Suicide Prevention Annual Report Report, VA
  Suicide Prevention Off. of Mental Health & Suicide Prevention,
  VA, at 8 (Nov. 2023), https://www.mentalhealth.va.gov/docs/data-
  sheets/2023/2023-National-Veteran-Suicide-Prevention-Annual-
  Report-FINAL-508.pdf ...................................................................... 10

Alex Woodruff, *et al.,* Policy Brief, Partnered Evidence-Based Pol'y
  Res. Ctr., at 3 (Aug. 2020),
  https://www.peprec.research.va.gov/PEPRECRESEARCH/docs/Po
  licy_Brief_8_Mission_Act.pdf; ........................................................... 11

Nat'l Strategy for Preventing Veteran Suicide 2018–2028, VA, at 4,
  https://www.mentalhealth.va.gov/suicide_prevention/docs/Office-
  of-Mental-Health-and-Suicide-Prevention-National-Strategy-for-
  Preventing-Veterans-Suicide.pdf ........................................................ 10

Press Release, Congressman Chris Pappas, "House Passes Pappas's
  Legislation to Protect Veterans from VA Errors" (Sept. 23, 2020),
  https://pappas.house.gov/media/press-releases/house-passes-
  pappas-s-legislation-protect-veterans-va-errors ................................... 8

Press Release, Congressman Chris Pappas, "Pappas and Bergman Call
  on the VA to Reform VA's Debt Collection Process Hurting
  Veterans" (Oct. 15, 2019), https://pappas.house.gov/media/press-
  releases/pappas-and-bergman-call-va-reform-va-s-debt-collection-
  process-hurting-veterans ...................................................................... 7

Press Release, Congressman Chris Pappas, "Representatives Pappas & Nehls Introduce Legis. to Protect Veterans from VA Payment Errors" (May 4, 2021), https://pappas.house.gov/media/press-releases/representatives-pappas-and-nehls-introduce-legislation-protect-veterans-va ................................................................................. 9

Samantha Gonzalez, House Republicans Praise House Passage of Bipartisan Veterans' Mental Health Care Bill, House Comm. Veterans' Affs. (June 23, 2022), https://veterans.house.gov/news/documentsingle.aspx?DocumentID=6025 ............................................................................................. 10

Suicide Prevention, VA, https://www.mentalhealth.va.gov/suicide_prevention/#:~:text=VA's%20top%20clinical%20priority%20is,the%20VA%20health%20care%20system ................................................................. 10

# SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS[1]

Under Fifth Circuit Rule 29.2, undersigned counsel supplements Appellant's Certificate of Interested Parties to fully disclose all persons with interest in this amicus brief. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

*Iraq and Afghanistan Veterans of America*, amicus curiae

*Allison Jaslow*, CEO, Iraq and Afghanistan Veterans of America

*Alex Wolf*, *Drew Padley*, *W. Henry Legg*, *Brendan Hammond*, Steptoe LLP counsel for *amicus curiae*

    Respectfully submitted,

    /s/ *Alexander M. Wolf*
    Alexander M. Wolf

    *Counsel for Amicus* Curiae *Iraq and Afghanistan Veterans of America*

---

[1] All parties have consented to the timely filing of this brief.

# INTEREST OF AMICUS CURIAE[2]

Iraq and Afghanistan Veterans of America ("IAVA") submits this brief as *amicus curiae* in support of Defendants-Appellants. IAVA is a nonprofit and nonpartisan organization dedicated to improving the lives of Iraq and Afghanistan veterans and their families. Founded in 2004, IAVA is the first and largest national veterans service organization dedicated exclusively to current and former volunteer servicemembers.

IAVA's membership is diverse and represents the full spectrum of political persuasions. Its membership comprises more than 425,000 active veterans and civilian supporters across all 50 states. IAVA was a leading voice among veterans-service organizations in the media and in Congress supporting the veterans-focused provisions in the Consolidated Appropriations Act of 2023, Pub. L. No. 117-328, 136 Stat. 4459 (2022), and it therefore has a unique interest in preserving those provisions. If accepted by this Court, the district court's reasoning would imperil the entire Consolidated Appropriations Act of 2023, including legislation that is critically important to IAVA's membership and, indeed, all veterans.

---

[2] This brief is submitted under Federal Rule of Appellate Procedure 29(a)(2) with the consent of all parties. This brief was not authored in whole or part by counsel for any of the parties; no party or party's counsel contributed money for the brief; and no one other than amicus and its counsel have contributed money for this brief.

## SUMMARY OF ARGUMENT

In its opinion below, the district court concluded that "the House violated the Quorum Clause when it passed the Consolidated Appropriations Act of 2023" and enjoined enforcement of part of the Act. *Texas v. Garland*, ___ F. Supp. 3d ___, No. 5:23-CV-034-H, 2024 WL 967838, at *2 (N.D. Tex. Feb. 27, 2024). While the district court claimed its decision had "limited scope," *id.*, its holding was vast, applying to the entirety of the Consolidated Appropriations Act of 2023. And that holding calls into question the validity of other critical legislation passed as part of this Act, including vital programs, benefits, and funding that veterans and veterans' organizations like amicus depend on. Amicus leaves it to Appellants to address the underlying merits of Appellees' challenge to the Act; Amicus writes to explain how allowing the district court's holding to stand would imperil veterans' legislation and risk unnecessary challenges to settled programs, benefits, and funding on which millions of this nation's veterans rely. Amicus respectfully urges this Court to reverse.

# ARGUMENT

The district court concluded that "the House violated the Quorum Clause when it passed the Consolidated Appropriations Act of 2023." *Garland*, 2024 WL 967838, at *2. Although the court purported to limit its ruling to the Pregnant Workers Fairness Act, 136 Stat. at 6084–89, that legislation was passed as part of the Consolidated Appropriations Act of 2023 using the same challenged set of procedures. The district court's conclusion regarding the constitutionality of those procedures imperils bipartisan, uncontroversial, and widely supported legislation addressing issues like disaster relief, rural electrification, and—of particular importance to amicus—our nation's veterans.

In this brief, amicus outlines the bipartisan veterans' legislation championed as part of the Consolidated Appropriations Act of 2023, and explain its significance. The legislation includes (i) the GI Bill National Emergency Extended Deadline Act; (ii) the VA Beneficiary Debt Collection Improvement Act; (iii) the Support The Resiliency of Our Nation's Great (STRONG) Veterans Act; and (iv) the Joseph Maxwell Cleland and Robert Joseph Dole Memorial Veterans Benefits and Health Care Improvement Act.

Allowing the district court's decision to stand would threaten this veterans' legislation and risk unnecessary challenges to settled programs, benefits, and funding on which millions of this nation's veterans rely. Without these programs,

veterans and veterans' organizations will suffer. For example, veterans who have risked their lives for this country will lose out on critical educational benefits extended by the Act. Other veterans will endure financially devastating debt collections, due entirely to Department of Veterans Affairs ("VA") error. Others, who have given a lifetime of service, will be unable to access the mental healthcare and suicide prevention services they need and deserve. And our nation will continue to grapple with a homelessness crisis, failing to meet the needs of homeless veterans who have given so much to our country.

Amicus urges this Court to reject the district court's holding that Congress did not validly enact the Consolidated Appropriations Act of 2023.

## I.  The district court's decision jeopardizes the GI Bill National Emergency Extended Deadline Act.

The district court decision threatens the GI Bill National Emergency Extended Deadline Act (Pub. L. 117-328, 136 Stat. 5456 (2022)), a critical piece of the Consolidated Appropriations Act of 2023.

"The United States has a proud history of offering educational assistance to millions of veterans, as demonstrated by the many 'G. I. Bills' enacted since World War II." *Rudisill v. McDonough*, 601 U.S. 294, 298–99 (2024). One of these bills, the Montgomery GI Bill, provides educational assistance "to servicemembers who first enter active duty between 1985 and 2030." *Id.* at 299. Another, "the Post-9/11 GI Bill[,] gives servicemembers 'enhanced educational assistance benefits' that 'are

commensurate with the educational assistance benefits provided by a grateful Nation to veterans of World War II" if they were "on active duty in the Armed Forces for at least three years starting on or after September 11, 2001." *Id.* at 300–01 (quoting 38 U.S.C. § 5002(6)).

Veterans generally must use educational assistance provided by the Montgomery GI Bill within 10 years of their discharge, and benefits provided by the Post-9/11 GI bill must be used within 15 years of discharge.[3] As a result of the COVID-19 pandemic, many veterans were unable to use their educational benefits—while the statutory deadlines for those benefits continued to run.

To address that issue, Congress enacted, as part of the Consolidated Appropriations Act of 2023, the GI Bill National Emergency Extended Deadline Act of 2022. 136 Stat. at 5456–58. That legislation excludes from the 10-year and 15-year requirements of the Montgomery and Post-9/11 GI Bills any period where a veteran "is prevented from pursuing the individual's chosen program of education" because of "the temporary or permanent closure of an educational institution by reason of an emergency situation" or "another reason that prevents the individual from pursuing the individual's chosen program of education, as determined by the

---

[3] The 15-year requirement under the Post-9/11 G.I. Bill was eliminated for veterans discharged on or after January 1, 2013, as part of the Harry W. Colmery Veterans Educational Assistance Act (also known as the Forever GI Bill), Pub. L. No. 115-48, 131 Stat. 973, 984 (2017).

Secretary" of Veterans Affairs. 136 Stat. at 5457. The GI Bill National Emergency Extended Deadline Act also removed, on a prospective basis, the age-based restrictions on the educational benefits afforded to the children of deceased servicemembers. 136 Stat. at 5458.

If the Consolidated Appropriations Act of 2023 was found to be unconstitutionally enacted, the assistance that the GI Bill National Emergency Extended Deadline Act provides would be jeopardized. The loss of the Act's protections would result in many veterans losing their GI Bill benefits, and would raise complicated questions about retroactivity that could even require veterans to repay benefits.

## II. The district court's decision threatens the VA Beneficiary Debt Collection Improvement Act.

The Consolidated Appropriations Act of 2023 addressed a serious issue in which the VA overpayment system generated, and then collected, over $1.6 billion of debt from veterans each year—with tragic consequences for Americans who gave years of service to this country.[4] These overpayments resulted from "mistakes in disability payouts, changes in eligibility, or simple accounting errors which have resulted in financial difficulties for hundreds of thousands of veterans, especially for

---

[4] *See* Press Release, Congressman Chris Pappas, "Pappas and Bergman Call on the VA to Reform VA's Debt Collection Process Hurting Veterans" (Oct. 15, 2019), https://pappas.house.gov/media/press-releases/pappas-and-bergman-call-va-reform-va-s-debt-collection-process-hurting-veterans.

those living on fixed incomes."[5] Congressman Chris Pappas, who co-sponsored the legislation, explained on the floor of the House of Representatives:

> Last year, I heard from one of my constituents, New Hampshire veteran Jeff Varney, who contacted my office for assistance. Jeff, like thousands of other veterans across the country, is facing tremendous financial hardship due to VA errors.
>
> Jeff was in disbelief when the VA informed him that he needed to repay years of benefit overpayments because of an apparent error that VA made decades ago.
>
> So after a lifetime of service, and through no fault of his own, Jeff was told he is on the hook for more than $11,000, even though VA produced no accounting of how these debts were accrued.
>
> Unfortunately, Jeff is not alone in this experience, and too many of our veterans are badly surprised when they receive letters saying they owe the VA money. Sometimes these debts reach thousands of dollars. During the hearings held by our Oversight and Investigations Subcommittee, we heard from veterans service organizations about the pain and hardship that these surprises may bring.
>
> Last fiscal year, the VA collected $1.6 billion in debts from veterans. Sometimes these debts result from mistakes in disability payouts, changes in eligibility, or simple accounting errors that place an undue, unexpected financial burden on our veterans.

166 Cong. Rec. H4719 at H4754 (daily ed. Sept. 23, 2020), https://congress.gov/116/crec/2020/09/23/CREC-2020-09-23-pt1-PgH4754.pdf. Congressman Troy Nehls, who co-sponsored the legislation, explained: "Veterans already face an

---

[5] *See* Press Release, Congressman Chris Pappas, "House Passes Pappas's Legislation to Protect Veterans from VA Errors" (Sept. 23, 2020), https://pappas.house.gov/media/press-releases/house-passes-pappas-s-legislation-protect-veterans-va-errors.

8

unprecedented public health crisis and the VA is further burdening them with their own inefficiencies. This is completely unacceptable and I'm proud to join this bipartisan effort to right this wrong."[6]

To protect veterans from unfair debt collection, Congress enacted the VA Beneficiary Debt Collection Improvement Act (Pub. L. 117-328, 136 Stat. 5462 (2022)) as part of the Consolidated Appropriations Act of 2023. That legislation provides that veterans cannot incur a debt to the United States that "is attributable to the failure of an employee or official of the Department [of Veterans Affairs] to process information provided by or on behalf of that individual within applicable timeliness standards." 136 Stat. at 5462–63 (codified at 38 U.S.C. § 5302B(a)(1)(B)). The VA Beneficiary Debt Collection Improvement Act also prevents the VA from charging interest or administrative costs for certain debts, 136 Stat. at 5464, and establishes an administrative mechanism for veterans to dispute debts asserted by the VA, *id.* at 5464–65.

If the district court's decision stands, these important protections could disappear, leaving millions of veterans again susceptible to unfair debt collection.

---

[6] Press Release, Congressman Chris Pappas, "Representatives Pappas & Nehls Introduce Legis. to Protect Veterans from VA Payment Errors" (May 4, 2021), https://pappas.house.gov/media/press-releases/representatives-pappas-and-nehls-introduce-legislation-protect-veterans-va.

9

### III. The district court's decision endangers the Support the Resiliency of Our Nations Great Veterans Act.

The Support the Resiliency of Our Nations Great Veterans Act of 2022 ("STRONG Act") (Pub. L. 117-328, 136 Stat. 5497 (2022)) expands the VA's resources and provides it with new tools to support the mental health of veterans. 136 Stat. at 5497–5518. Veteran mental health, particularly suicide prevention, has been a longstanding concern for U.S. policymakers and the VA. In fact, the VA's top clinical priority is to prevent veteran suicides.[7] A 2023 VA report found that in 2021, "suicide was the 13th-leading cause of death for Veterans overall, and the second-leading cause of death among Veterans under age 45-years-old."[8]

The STRONG Act represents a significant bipartisan effort to tackle this crisis.[9] The STRONG Act addresses gaps in health providers' training and availability to treat veterans' mental health needs. As one example, the Act expands

---

[7] Suicide Prevention, VA, https://www.mentalhealth.va.gov/suicide_prevention/#:~:text=VA's%20top%20clinical%20priority%20is,the%20VA%20health%20care%20system,(last visited Aug. 15, 2024); Nat'l Strategy for Preventing Veteran Suicide 2018–2028, VA, at 4, https://www.mentalhealth.va.gov/suicide_prevention/docs/Office-of-Mental-Health-and-Suicide-Prevention-National-Strategy-for-Preventing-Veterans-Suicide.pdf (last visited Aug. 15, 2024).

[8] 2023 National Veteran Suicide Prevention Annual Report, VA Suicide Prevention Off. of Mental Health & Suicide Prevention, VA, at 8 (Nov. 2023), https://www.mentalhealth.va.gov/docs/data-sheets/2023/2023-National-Veteran-Suicide-Prevention-Annual-Report-FINAL-508.pdf ("2023 Veteran Suicide Prevention Report").

[9] Samantha Gonzalez, House Republicans Praise House Passage of Bipartisan Veterans' Mental Health Care Bill, House Comm. Veterans' Affs. (June 23, 2022), https://veterans.house.gov/news/documentsingle.aspx?DocumentID=6025.

the Vet Center workforce and provides scholarships and loan repayment programs for mental-health providers. *See* 136 Stat. at 5498–01. Title II of the Act also directs new training, pilot programs, and studies in support of the veteran's crisis line. *Id.* at 5501–05; *see* 38 U.S.C. § 1720F(h). In a similar vein, the STRONG Act implements new programs encouraging outreach to veterans, 136 Stat. at 5506–09, and expands mental health care delivery, *id.* at 5509–12.

The STRONG Act includes appropriations to fund these programs. For example, the Act appropriates over $100 million for the VA to implement section 506 of the VA Mission Act (Pub. L. No. 115-182, 132 Stat. 1393 (2018)) from 2022 through 2028. 136 Stat. at 5510. (Section 506 of the VA Mission Act implements a pilot program "to promote behavioral health, mental health, and substance use disorder treatment by integrating peer specialists into patient aligned care teams in primary care settings.").[10]

Finally, the STRONG Act provides for new research for the benefit of veterans, including studies on the improvement of sleep disorders, substance use disorders, suicide prevention, brain health, and the efficacy of certain resources for post-traumatic stress disorder. *See* 136 Stat. at 5513–17.

---

[10] *See* Alex Woodruff, *et al.,* Policy Brief, Partnered Evidence-Based Pol'y Res. Ctr., at 3 (Aug. 2020), https://www.peprec.research.va.gov/PEPRECRESEARCH/docs/Policy_Brief_8_Mission_Act.pdf; 132 Stat. at 1477–78.

Affirming the district court's holding would imperil the STRONG Act, hurting veterans and undermining Congress's efforts to provide life-saving mental health benefits and prevent veteran suicide.

## IV. The district court decision imperils the Joseph Maxwell Cleland and Robert Joseph Dole Memorial Veterans Benefits and Health Care Improvement Act.

Finally, the Joseph Maxwell Cleland and Robert Joseph Dole Memorial Veterans Benefits and Health Care Improvement Act of 2022 ("Cleland and Dole Memorial Act") (Pub. L. 117-328, 136 Stat. 5404 (2022) ) was also enacted as part of the Consolidated Appropriations Act of 2023. The Cleland and Dole Memorial Act addresses many issues impacting the lives of veterans today, such as access to healthcare, including mental healthcare (136 Stat. at 5407–46), homelessness (136 Stat. at 5465–82), and educational and vocational training (136 Stat. at 5446–65). It provides:

- Hospital and nursing home care for *all* World War II veterans, for the first time, § 101;

- Provision of healthcare to veterans from healthcare providers outside the VA, §§ 121-44;

- Travel assistance to veterans who need to travel to VA facilities to access health care, §§ 241-44;

- Pilot programs on grants for health care for homeless veterans, § 310, and grants for substance use disorder recovery for homeless veterans, § 311;

- Improvements to information technology at the VA, § 403; and

- Pension increases for recipients of the Congressional Medal of Honor, § 407.

If this Court should agree that the Consolidated Appropriations Act of 2023 was not validly enacted, it would imperil all the above legislation. These important pieces of legislation make good on our collective obligation to the men and women who put their lives on the line to defend our country.

**CONCLUSION**

The Consolidated Appropriations Act of 2023 contains a vast array of veterans' legislation that provides significant benefits to veterans. If this Court affirms the district court's decision, America's veterans will suffer. Amicus urges this Court to reject the district court's conclusion that Congress did not validly enact the Consolidated Appropriations Act of 2023.

Respectfully submitted,

*/s/ Alexander M. Wolf*
Alexander M. Wolf
Drew M. Padley
W. Henry Legg
Steptoe LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Phone: (713) 221-2300
Fax: (713) 221-2320
awolf@steptoe.com
dpadley@steptoe.com
wlegg@steptoe.com

Brendan Hammond
Steptoe LLP
227 West Monroe Street
Suite 4700
Chicago, Illinois 60606
T: (312) 577-1300
F: (312) 577-1370
bhammond@steptoe.com

*Counsel for* Amicus Curiae *Iraq and Afghanistan Veterans of America*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(a)(5) because it contains 2,558 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office Professional Plus 2019 in Times New Roman 14-point font for main text and 13-point font for footnotes.

*/s/ Alexander M. Wolf*
Alexander M. Wolf

# CERTIFICATE OF SERVICE

On August 16, 2024, I filed this brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit and served upon all counsel of record via the CM/ECF system.

>  /s/ Alexander M. Wolf
> Alexander M. Wolf