

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

WILLIAM R. PETERSON
Solicitor General

(512) 936-1700
William.Peterson@oag.texas.gov

May 20, 2026

**Via CM/ECF**

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 Maestri Place
New Orleans, LA 70130

**Re:    No. 24-10386, *State of Texas v. Blanche***

Dear Mr. Cayce:

At oral argument, the court asked about background presumptions regarding voting by proxy. "At the common law all voting at every election is required to be done *in propria persona*. The only exception to this rule has been in the case of the peers of England, who have been, by license obtained from the king, allowed to make other lords of parliament their proxies to vote for them in their absence." 1 Seymour D. Thompson, Commentaries on the Law of Private Corporations § 736 (1895); *see also* Luther Stearns Cushing, Lex Parliamentaria Americana: Elements of the Law and Practice of Legislative Assemblies in the United States of America § 434 (1856) ("In the commons, house of parliament, and in all the legislative bodies of the United States, the attendance must be in person; in the house of lords, after a member has appeared in person, and has been qualified, he may afterwards give his attendance and vote by proxy."); *Philips v. Wickham*, 1 Paige Ch. 590, 598 (N.Y. Ch. 1829) ("The only case in which [voting by proxy] is allowable, at the common law, is by the peers of England, and that is said to be in virtue of a special permission of the king."); 4 Edward Coke, Institutes of the Laws of England 12 ("[B]ut a knight, citizen, or burgesse of the house of commons cannot by any means make any proxy, because he is elected and trusted by multitudes of people.").

Page 2

Although shareholders in corporations now generally have the right to vote by proxy, that right "rests on state constitutional provisions, statutes, charter provisions, or bylaws authorized by statute or charter." 18A Am. Jur. 2d Corporations § 886 (2026); *see also* 1 Thompson, *supra,* § 738 (noting "statutes existing in nearly all the States and territories"). "[T]he standards which had been formulated for these early [political] corporations [were] carried over to business corporations with the result that voting by proxy was not permitted." Leonard H. Axe, *Corporate Proxies*, 41 Mich. L. Rev. 38, 39 (1942); *see also id.* 38–46.

Respectfully submitted.

/s/ William R. Peterson

William R. Peterson
Solicitor General

cc: all counsel of record (via CM/ECF)